IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Nicholas Ochoa, Individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b)**<br><br>*Plaintiffs,*<br><br>v.<br><br>**Bangkok Thai and Sushi, LLC**<br><br>*Defendant.* | Civil Action No. _____ |

## COMPLAINT

Nicholas Ochoa ("Plaintiff") on behalf of himself and all others similarly situated ("Class Members"), upon personal knowledge as to himself, and upon information and belief as to other matters, files this Fair Labor Standards Act ("FLSA") lawsuit against Bangkok Thai and Sushi, LLC ("Defendant") and in support shows the Court and jury as follows:

### I.   INTRODUCTORY STATEMENT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and overtime requirements. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally).

1

2. The FLSA does allow employers to pay less than minimum wage to tipped employees who receive tips. *See* 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of "wages" the amount that an employee receives in tips. *Id*. In order to lawfully apply a tip credit toward an employee's minimum wage, an employer must satisfy *two conditions*: 1) the employer must inform the employee that it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those tips included in a lawfully administered tip pool among employees who customarily and regularly receive tips. *Id*.

3. However, Defendant violated Section 203(m) – an affirmative defense – in that Defendant failed to (1) inform tipped Plaintiff and Class Members of the tip credit pursuant to 29 U.S.C. § 203(m); and (2) allow Plaintiff and Class Members to retain all their tips. *See* 29 U.S.C. § 203.

4. Defendant failed to pay Plaintiff and Class Members in accordance with the FLSA in that Defendant failed to lawfully administer a "tip credit" system, thereby violating the minimum wage provisions of Section 206 of the FLSA. 29 U.S.C. § 206. Plaintiff and Class Members were paid a sub-minimum hourly wage plus tips, which were improperly shared with other employees and managers, who may not lawfully participate in a tip pool. Furthermore, Defendant also unlawfully deducted other amounts from Plaintiff and Class Members' tips, which is also a violation of condition two of the tip credit.

5. Accordingly, Plaintiff on behalf of himself and all other similarly

situated brings this collective action under § 216(b) of the FLSA to recover unpaid wages, misappropriated tips, liquidated damages, attorneys' fees, and costs.

## II.   PARTIES

6. Plaintiff, Nicholas Ochoa, an individual, was employed by Defendant within the meaning of the FLSA within the three (3) years preceding the filing of this Complaint. Mr. Ochoa's FLSA consent is attached as "*Exhibit A.*"

7. The Putative Plaintiffs/Class Members are those current and former employees of Defendant who were employed at any time during the three (3) years preceding the filing of this Complaint as servers (i.e. waiters and waitresses) and were paid a direct cash wage of less than minimum wage ("Class Members"). Class Members will "opt in" pursuant to Section 16(b) of the FLSA. *See* 29 U.S.C. § 216(b).

8. At all times hereinafter mentioned, Plaintiff and Class Members were employees of Defendant who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

9. Defendant, Bangkok Thai and Sushi, LLC is a Texas limited liability company, doing business in Texas. Defendant's primary business purpose is the operation of restaurants in Weatherford, Texas and Stephenville, Texas, which provides dining to paying customers, including out-of-state travelers. Defendant can be served with process by serving its registered agent, Maneerat Nganpitak, at 1666 Holland Lake Drive, #10205, Weatherford, Texas, or through other authorized means of service.

## III.  JURISDICTION AND VENUE

10. Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331, 1345.

11. This Court has jurisdiction over the parties because Defendant is located in Texas, doing business in Texas, and employing Texas residents to work at Defendant's Texas business location.

12. Venue is proper in the Northern District pursuant to 28 U.S.C. § 1391 insofar as Defendant is located within a county located in the Northern District of Texas.

## IV.  FLSA COVERAGE

13. At all material times, Defendant has been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all material times, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

16. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has

had and has an annual gross volume of sales made or business done of not less than $500,000.

17. At all material times, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993).

18. Specifically, as part of their employment, Plaintiff and Class Members handled food and other food service items that traveled in interstate commerce, served customers who were traveling from out-of-state or across interstate lines, or processed interstate payment transactions.

## V.   FACTS

19. Defendant operates a restaurant located in Weatherford, Texas and Stephenville, Texas.

20. During the three (3) year period preceding the filing of this lawsuit, Plaintiff worked as a server at both of Defendant's restaurant locations.

21. Defendant is engaged in interstate commerce in that it provides goods and services to customers that are moving in interstate commerce.

22. Defendant had gross receipts in excess of $500,000 for the year 2015.

23. Defendant had gross receipts in excess of $500,000 for the year 2016.

24. Defendant had gross receipts in excess of $500,000 for the year 2017.

25. Defendant had gross receipts in excess of $500,000, cumulatively, over the previous four (4) quarters prior to the filing of the Complaint.

26.     Defendant employ employees such as Plaintiff and Class Members on an hourly basis and take a tip credit against the full minimum wage by paying them as little as $2.25 per hour in wages prior to the receipt of earned tips by Plaintiff and Class Members.

27.     Defendant employed Plaintiff and Class Members within the three (3) year period preceding the filing of this lawsuit and paid them all a sub-minimum wage per hour prior to accounting for the receipt of earned tips.

28.     At all times relevant, Plaintiff and Class Members were Defendant's "employees" as that term is defined by the FLSA and relevant case law. *See e.g.*, *Reich*, 998 F.2d at 327.

29.     Defendant willfully violated and is violating the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay Plaintiff and Class Members, for their employment in an enterprise engaged in commerce or the production of goods for commerce, wages at rates not less than the federal minimum wage, which is $7.25 per hour.

30.     As part of the payment scheme that Defendant used to pay Plaintiff and Class Members, Defendant took a tip-credit against the full minimum wage. The use of the tip-credit results in huge savings to Defendant because Defendant pay Plaintiff and Class Members less than minimum wage in direct wages per hour - prior to accounting for the receipt of tips that Plaintiff and Class Members were paid by customers.

31.     Defendant relies on tips generated from customers to supplement the

Plaintiff and Class Members' wages to bring the effective rate of pay – with tips included – up to the required minimum wage.

32. However, Plaintiff and the Class Members have been victimized by Defendant's common payment policy that violates their FLSA rights by requiring them to participate in an illegal tip pool.

33. Defendant required Plaintiff and Class Members to participate in a tip pool of which a portion of the pool was distributed to employees who may not lawfully participate in a tip pool, violating "condition two" of 29 U.S.C. § 203(m). *See Bernal v. Vankar Enterprises, Inc.*, 579 F. Supp. 2d 804, 808 (W.D. Tex. 2008) (Where management employees participate in a tip pool, the pool is invalid.); *see also,* 29 C.F.R. § 531.35.

34. Defendant unlawfully kept a portion of Plaintiff and Class Members' tips.

35. Defendant stated that Plaintiff and Class Members received too much money from tips and therefore justified its reasoning for keeping a portion of Plaintiff and Class Members' tips.

36. Because Defendant retained Plaintiff and Class Members' tips for Defendant's own purposes, Defendant failed to adhere to 29 U.S.C. § 203(m) and have therefore violated the minimum wage as cited in 29 U.S.C. § 206. Defendant is disavowed from using the tip-credit as a defense to the payment of the full minimum wage.

37. Moreover, Defendant did not inform Plaintiff and Class Members of the

provisions of the tip credit, violating condition one of 29 U.S.C. § 203(m). *See* 29 C.F.R. § 531.59(b).

    a. Defendant did not inform Plaintiff and Class Members of the amount of the tips to be credited toward the minimum wage. *See Id.*

    b. Defendant did not inform Plaintiff and Class Members that all tips received by the employee must be retained by the employee. *See Id.*

    c. Defendant did not inform Plaintiff and Class Members that the tip credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit. *See Id.*

    d. Defendant did not inform Plaintiff and Class Members that the tip credit may only be taken as to the amount of the tips actually received by the employee and that the employer may not retain any of the employee's tips. *See* Id.

38. Defendant's method of paying Plaintiff in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

39. Defendant's method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on good-faith and reasonable belief that its conduct complied with the FLSA. A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

40. During the three-year period prior to this suit, Defendant has employed individuals who performed similar job duties under a similar payment scheme as

used to compensate Plaintiff.

## VI.   COLLECTIVE ACTION ALLEGATIONS

41.   The foregoing paragraphs are fully incorporated herein.

42.   Plaintiff (the "Collective Action Representatives") brings this FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as a representative of all similarly-situated former and current employees of Defendant. The proposed collective of similarly situated employees ("Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All servers who worked for Defendant within the three (3) year period preceding the filing of this lawsuit through the final disposition of this matter and were paid a direct cash wage of less than minimum wage.**

43.   FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

44.   Other employees have been victimized by Defendant' common pattern, practice, and scheme of paying employees in violation of the FLSA. Plaintiff is aware of other employees at Defendant's restaurant who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of Defendant have been uniformly imposed on the Class Members.

45.   Plaintiff and the Class Members have the same pay structure, have the same job duties, and were also required to contribute tips to a tip pool, of which Defendant kept a portion of. Plaintiff and Class Members are all victims of

9

Defendant's unlawful practices.

46. Plaintiff and Class Members are all non-exempt for purposes of minimum wage payments under the FLSA.

47. Defendant's failure to pay minimum wage pursuant to the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Plaintiff's experience in regard to pay is typical of the experiences of the Class Members.

48. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendant's systematic course of wrongful conduct in violation of the FLSA's minimum wage requirements caused harm to Plaintiff and Class Members.

### VII. CAUSE OF ACTION NO. ONE: MINIMUM WAGE VIOLATIONS PURSUANT TO THE FAIR LABOR STANDARDS ACT

49. The foregoing paragraphs are fully incorporated herein.

50. During the relevant period, Defendant has violated and is violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Plaintiff and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at the minimum wage rate.

51. Defendant paid Plaintiff and Class Members less than the federally mandated minimum wage of $7.25 per hour. None of the exemptions or defenses

provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendant, Plaintiff, or Class Members.

52. Defendant's failure to pay Plaintiff and Class Members at the minimum wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206.

53. Defendant cannot use Section 203(m) as an affirmative defense to the payment of minimum wage because Defendant's practice of requiring Plaintiff and Class Members to participate in an unlawful tip pool in which Defendant kept a portion of the tips disavows the use of the tip credit as cited in 29 U.S.C. § 203(m). Also, Defendant cannot rely on Section 203(m) because Defendant did not give Plaintiff and Class Members notice of its intent to pay Plaintiff and Class Members in accordance with the tip credit provisions specified in Section 203(m) and Section 531.59 of the Code of Federal Regulations.

### VIII.  DAMAGES SOUGHT

54. The foregoing paragraphs are fully incorporated herein.

55. Plaintiff and Class Members are entitled to all of the misappropriated funds, including remittance of the full amount of the tips Defendant received from customers, which were for the benefit of Plaintiff and Class Members.

56. Plaintiff and Class Members are entitled to reimbursement of funds that were contributed to the illegal tip pool.

57. Without repayment of these misappropriated funds, including the

remittance of the full amount of tips received, Plaintiff and Class Members will not have been paid minimum wage in accordance with the FLSA.

58. Plaintiff and Class Members are also entitled to an amount equal to all of the unpaid wages and misappropriated tips as liquidated damages as Defendant's actions were not based upon good-faith. *See* 29 U.S.C. § 216(b).

59. Plaintiff and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

## IX.   JURY DEMAND

60. Plaintiff requests trial by jury.

## X.   PRAYER

61. Plaintiff and Class Members pray for judgment against Defendant as follows:

   A. For an order pursuant to section 216 of the FLSA finding Defendant liable for the full minimum wage and all misappropriated tips due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the full minimum wage and misappropriated tips;

   B. In the event liquidated damages are not awarded, for an order award Plaintiff (and those who may join in the suit) an amount of pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

   C. For an order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

D. For an order awarding Plaintiff (and those who may join in the suit) the costs of this action; and

E. For an order granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
*drew@herrmannlaw.com*
Pamela G. Herrmann
Texas Bar No. 24104030
*pamela@herrmannlaw.com*
**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 887-1878 – fax

**ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS**